United States Bankruptcy Court

Eastern District of Pennsylvania

In re:

Latisha A Reed

    Debtor

Case No. 19-17972-djb

Chapter 13

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 11, 2026 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:

**Symbol     Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 13, 2026:**

**Recip ID                    Recipient Name and Address**
db                    + Latisha A Reed, 4304 J Street, Philadelphia, PA 19124-4304

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | + Email/Text: blegal@phfa.org | Mar 12 2026 02:00:00 | Pennsylvania Housing Finance Agency, 211 North Front Street, Harrisburg, PA 17101-1406 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 13, 2026               Signature:       /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 11, 2026 at the address(es) listed below:**

**Name                    Email Address**

DAVID M. OFFEN
        on behalf of Debtor Latisha A Reed ecfmail@offenlaw.com;offendr83598@notify.bestcase.com

DENISE ELIZABETH CARLON
        on behalf of Creditor Pennsylvania Housing Finance Agency bkgroup@kmllawgroup.com

KENNETH E. WEST
        ecfemails@ph13trustee.com  philaecf@gmail.com

LEON P. HALLER

District/off: 0313-2                          User: admin                                    Page 2 of 2

Date Rcvd: Mar 11, 2026                       Form ID: pdf900                               Total Noticed: 2

                              on behalf of Creditor Pennsylvania Housing Finance Agency lhaller@pkh.com
                              dmaurer@pkh.com;mgutshall@pkh.com;khousman@pkh.com

MATTHEW K. FISSEL

                              on behalf of Creditor Pennsylvania Housing Finance Agency bkgroup@kmllawgroup.com  matthew.fissel@brockandscott.com

United States Trustee

                              USTPRegion03.PH.ECF@usdoj.gov


TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Latisha A Reed <br>         Debtor | CHAPTER 13 |
| Pennsylvania Housing Finance Agency <br>         Moving Party <br>    vs. | NO. 19-17972 DJB |
| Latisha A Reed <br>         Debtor | |
| Kenneth E. West, Esq. <br>         Trustee | 11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      As of February 4, 2026, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$3,270.61**. Post-petition funds received after February 4, 2026, will be applied per the terms of this stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | November 2025 at $860.68; December 2025 through February 2026 at $903.91 each |
| Suspense Balance: | ($301.80) |
| **Total Post-Petition Arrears:** | **$3,270.61** |

2.      The Debtor shall cure said arrearages in the following manner:

a). Beginning **March 2026** and continuing through **July 2026**, until the arrearages are cured, Debtor shall pay the present regular monthly mortgage payment of **$903.91** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$545.11** towards the arrearages on or before the last day of each month, with a final installment payment of **$545.06** due **August 2026**, at the address below:

Pennsylvania Housing Finance Agency
211 North Front Street, Harrisburg, PA 17101

b). Maintenance of current monthly mortgage payments to Movant thereafter.

3.      Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

5.    If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court may enter an order granting Movant relief from the automatic stay.

6.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.    The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    February 4, 2026                    /s/ Matthew Fissel
                                             Matthew Fissel, Esq.
                                             Attorney for Movant

Date:    March 6, 2026                       /s/ David M. Offen
                                             David M. Offen, Esq.
                                             Attorney for Debtor

                                             No Objection – Without Prejudice to Any Trustee Rights or Remedies

Date:    March 9, 2026                       /s/ Kenneth E. West
                                             Kenneth E. West, Esq.
                                             Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2026.  However, the Court retains discretion regarding entry of any further order.

                                             _____
Date: March 11, 2026                         Bankruptcy Judge
                                             Derek J. Baker